UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
David Jeffrey Safran,

                Petitioner,                **MEMORANDUM & ORDER**
                                             23-CV-9485 (NRM)
        -against-                  25-CV-256 (NRM)

Superintendent,
Franklin Correctional Facility

                Respondent.


           and


David Jeffrey Safran,

                Petitioner,

        -against-

Superintendent,

                Respondent.
------------------------------------------------------------------x

**NINA R. MORRISON**, United States District Judge:

      Pending before the Court are two petitions for a writ of habeas corpus filed by David Jeffrey Safran ("Petitioner").  For the reasons outlined herein, Petitioner's petitions are DISMISSED for failure to exhaust his state court remedies.

      The Court is aware that Petitioner has filed several letters and motions requesting a hearing on his petitions.  *See Safran v. Superintendent*, No. 25-CV-256 (NRM), ECF Nos. 18, 23, 24.  However, because the exhaustion requirement is a strict one in federal habeas corpus cases, and because it is clear from the written record

1

that Petitioner has not exhausted his state court remedies, there is no need for an evidentiary hearing or oral argument on either of his petitions, and his motions for a hearing are hereby denied.

## FACTS AND PROCEDURAL HISTORY

### A. *Safran I & II*

The Court previously reviewed and decided two prior habeas corpus petitions filed by this same Petitioner. First, on May 6, 2023, the Court dismissed Petitioner's initial petition challenging his 2021 Nassau County conviction for second-degree assault because he failed to exhaust his state court remedies. *See Safran v. New York*, No. 22-CV-3177 (NRM), 2023 WL 3306932 (E.D.N.Y. May 6, 2023) ("*Safran I*"). Then, on July 13, 2023, the Court dismissed Petitioner's second petition because it was largely identical to his first petition and suffered from the same procedural defect. *See Safran v. Comm'r of D.O.C.C.S. et al.*, No. 23-CV-3496 (NRM) ("*Safran II*"), ECF Nos. 4, 6.

In the Court's May 6, 2023, Memorandum & Order dismissing *Safran I*, the Court laid out the facts and procedural history of Petitioner's 2021 Nassau County plea and sentencing. *See Safran I*, ECF No. 54 at 1–4.[1] In summary, Petitioner was arrested in April 2018 in connection with a car accident in Nassau County, New York; three years later, he pled guilty to two counts of second-degree assault and one count

---

[1] Citations for all four of Petitioner's petitions refer to the pagination generated by the Official Court Electronic Document Filing System (CM/ECF) under each respective filing.

of leaving the scene of an accident; and, on May 17, 2021, he was sentenced to seven years in prison. *Id.* at 1–2.

As the Court previously noted, Petitioner took some initial steps towards appealing his conviction, including filing a brief and exhibits with the Appellate Division of the New York Supreme Court, but he never perfected his appeal or refiled after his submissions were dismissed on procedural grounds due to errors with his filings. *Id.* at 2, 6. He also initially attempted to file an application for post-conviction relief under N.Y. C.P.L. § 440.10 in New York Supreme Court (Nassau County) but this was dismissed by the trial court, and Petitioner never sought leave to appeal that decision with the Appellate Division. *Id.* at 2–3, 6–7. The Court also noted that Petitioner filed a separate motion, again with the Appellate Division, but it was unclear whether this motion referred to his direct appeal, his § 440.10 application, or was unrelated to those proceedings; regardless, that motion did not exhaust any claims or remedies because the motion was never ruled on by the Appellate Division and, even if the Appellate Division had ruled on the motion, additional steps were still necessary before the appeal was exhausted. *Id.* at 7. Therefore, the Court found this first petition, along with his nearly identical second petition, required dismissal as his claims were unreviewable because he failed to fully exhaust his state court remedies before seeking federal relief. *See id.* at 6–8; *Safran II*, ECF No. 4 at 1.

In both decisions, the Court provided Petitioner with the opportunity to "cure his failure to exhaust by doing one of the following within 30 days of this order: (1) File a record with this Court demonstrating that Petitioner has completed a full

round of state court review on direct appeal . . . [or] (2) File a record with this Court demonstrating that Petitioner has completed a full round of state post-conviction review." *See Safran I*, ECF No. 54 at 8–9; *Safran II*, ECF No. 4 at 1–2.  Petitioner did neither.  Following the decisions, instead of filing any documents demonstrating any attempts to cure his failure to exhaust his state court remedies, Petitioner filed a motion for reconsideration with this Court in each case.  *See Safran I*, ECF No. 61; *Safran II*, ECF No. 5.  The Court denied both motions because his submissions did not "satisfy the high standard required to prevail on a motion for reconsideration." *Safran I*, ECF No. 63, at 2 (dated July 6, 2023); *see also Safran II,* ECF No. 6, at 1–2 (dated July 13, 2023).

On July 18, 2023, the Clerk of the Court filed a judgment dismissing Petitioner's second petition.  *See Safran II*, ECF No. 7.  On July 19, 2023, again addressing his first petition, the Court denied Petitioner's third motion for reconsideration filed on July 17, 2023.  *See Safran I,* Order date July 19, 2023. Finally, on February 15, 2024, still addressing his first petition, the United States Court of Appeals for the Second Circuit denied Petitioner's motions for a certificate of appealability, *in forma pauperis* status, a hearing, monetary relief, and a jury trial. *Safran I*, ECF No. 68.  The Second Circuit then dismissed his appeal of this Court's decision dismissing his first petition.  *Id.*

**B.** _**Safran III**_

On December 4, 2023, Petitioner filed his third petition for a writ of habeas corpus with this Court. _See Safran v. Superintendent_, No. 23-CV-9485 ("_Safran III_").[2] Again, although his factual and legal claims are somewhat difficult to discern, this petition appears to be very similar to his first and second petitions. _See generally, Safran III_, ECF. No. 1. This petition appears to still primarily challenge the same 2021 Nassau County conviction at issue in his first two petitions. _Id._ at 1–3. He appears to challenge the legality of his 2018 arrest and subsequent pleas and sentence in 2021. _Id._ at 1–2.

Petitioner asserts that he is being held "in breach of Nass. Co. Po. Proc. OPS-6460, U.S.C.A (14) and my (state), federal rights to not be held." _Id._ at 1. He also attaches a November 3, 2023, decision from New York Supreme Court (Franklin County) Justice John T. Ellis denying Petitioner's state court petition for writ of habeas corpus. _Id._ at 4–5.[3] After reviewing his submissions, it is not clear what

---

[2] Petitioner initially filed with the United States District Court for the Northern District of New York ("N.D.N.Y") under 9:23-cv-1519. _See Safran III_, ECF Nos. 1, 5. On December 26, 2023, Judge Suddaby of N.D.N.Y. ordered the case transferred to the United States District Court for the Eastern District of New York ("E.D.N.Y."). _Safran III_, ECF No. 5, at 3–4. Even though Petitioner was detained in N.D.N.Y.'s jurisdiction, Judge Suddaby determined E.D.N.Y. was the appropriate forum for the case because the conviction and sentence being challenged were imposed in Nassau County Supreme Court (under E.D.N.Y.'s jurisdiction) and Petitioner's two previous habeas petitions challenging the same conviction and sentence were decided in E.D.N.Y. _Id._ at 2–4.

[3] Justice Ellis of the New York Supreme Court (Franklin County) denied Petitioner's state "Petition for Writ of Habeas Corpus" on the following grounds: "(1) the Petition is not verified in accordance with CPLR 7002(c); (2) there is no mandate attached to the Petition, even though the Petition makes reference to sentencing and

claims were asserted in the state habeas petition or what relief Safran sought from the state court. In the decision denying that petition, Justice Ellis found that "overall, the Petition is unintelligible for large portions, conclusory in other aspects, and lacking any details which would aid the Court in assessing the merits of Petitioner's claims, to the extent that Petitioner has even made the Court aware of his claims." *Id.* at 5.

## C. *Safran IV*

While Petitioner's third petition was under review by this Court, Petitioner filed a fourth petition for a writ of habeas corpus on November 27, 2024. *See Safran v. Superintendent*, No. 25-cv-256 (NRM), ECF No. 1 ("*Safran IV*").[4]  Once again, Plaintiff appears to be primarily challenging his 2021 Nassau County conviction. *See Safran IV*, ECF No. 1 at 3; ECF No. 3 at 4; ECF No. 6 at 2–4; ECF No. 23 at 1. Since filing, he has submitted numerous letters in support of his petition (*see Safran IV*, ECF No. 3; ECF Nos. 6–7; ECF No. 13; ECF No. 20), including a motion for discovery (*see Safran IV,* ECF No. 5; ECF Nos. 8–11) and requests for a hearing. (*See Safran*

─────────────────────

plea transcripts, which leads the Court to believe that Petitioner's detention is by virtue of a mandate (*see* CPLR 7002[c][1]); (3) the Petition does not allege that a court or judge of the United States does not have exclusive jurisdiction to order Petitioner released (*see* CPLR 7002[c][3]); (4) the petition does not indicate whether an appeal has been taken from any order by virtue of which petitioner has been detained (*see* CPLR 7002[c][5]); and (5), the Petition does not allege that the Petitioner is entitled to immediate release or show any facts, other than in a conclusory and/or unintelligible manner, which would indicate that Petitioner is entitled to immediate release." *Safran III*, ECF No. 1 at 4–5.

[4] Again, Petitioner initially filed with N.D.N.Y. under 9:24-cv-1439. *See Safran IV*, ECF Nos. 1, 14. On January 8, 2025, Judge Kahn of N.D.N.Y. ordered the case transferred to E.D.N.Y. *Safran IV,* ECF No. 14, at 3–4.

*IV*, ECF No. 13; ECF Nos. 16–19; ECF No. 23). Within these submissions, he appears to be requesting various witnesses appear, and documents be produced, at a hearing on his petition. *See, e.g.*, *Safran IV*, ECF No. 8 at 1–2; ECF No. 10 at 1–2; ECF No. 13 at 1, 16–19, 34–36, 38; ECF No. 16 at 1; ECF No. 18 at 1. Scattered throughout his submissions, Petitioner includes numerous documents, many of which contain handwritten notes that make his arguments difficult to decipher because the notes overlay the documents' text and occupy its blank spaces and margins. He also resubmits some of the same documents, but adds handwritten notes to the documents, making it increasingly difficult to follow. Petitioner also attached multiple copies of the transcript from his May 17, 2021, sentencing hearing where he attempted to withdraw his guilty plea, which was denied by Judge Corrigan of the New York Supreme Court (Nassau County). *See Safran IV*, ECF No. 3, at 11–71; ECF No. 13, at 13–15; ECF No. 20, at 45–89. On the printed transcripts, Petitioner appears to be attempting to highlight his arguments by marking off and circling certain lines and adding handwritten notes throughout the document.

    i.   <u>Post-Release Supervision Revocation</u>

When Petitioner was sentenced to seven years of incarceration in 2021, he was also sentenced to five years of post-release supervision. *See Safran IV*, ECF No. 3 at 69; ECF No. 20 at 18. Petitioner was released from custody prior to the maximum expiration of his carceral sentence and placed under post-release supervision, but he was later reincarcerated on or about September 23, 2024, following a revocation of his supervised release. Although it is hard to follow, Plaintiff's fourth habeas petition

also appears to challenge the revocation of his supervised release following his 2024 revocation hearing. *Safran IV*, ECF No. 3 at 3; ECF No. 6 at 7; ECF No. 13 at 22–27. In addition, in *Safran IV,* Petitioner alleges that on or about July 9, 2024, his parole officer arrested him for an alleged parole violation, and then illegally took his property, including his birth certificate and photo identification. *Safran IV*, ECF No. 19 at 1.   He further alleges his rights were violated at his revocation hearing, including that his lawyer was ineffective because he allegedly told Petitioner to plead guilty to violating the conditions of his post-release supervision. *Safran IV*, ECF No. 3 at 3; ECF No. 13 at 22–24.[5]

### ii.    St. Lawrence County Petition

Within the submissions for his fourth petition, Petitioner also appears to challenge the status of his "Petition for a Writ of Habeas Corpus" filed in October 2024 with the clerk's office at the St. Lawrence County Court, New York. *See Safran IV*, ECF No. 1 at 1–5.   This submission addressed to the New York Supreme Court (St. Lawrence County), labeled as a state petition for a writ of habeas corpus, also appears to be challenging (1) his 2021 Nassau County conviction; (2) his 2024 post-release supervision revocation hearing; and (3) his continued detention. *Id.* at 3–5. On October 28, 2024, the St. Lawrence County Clerk's Office informed Petitioner it

---

[5] To the extent Petitioner is claiming he was never actually sentenced to post-release supervision (*see Safran IV*, ECF No. 1, at 4: "I'm being held on a revocation of post Release Supervision, even though the sentencing court never imposed Post Release Supervision"), the state court record clearly reflects that the sentencing court informed Petitioner he was being sentenced to five years of post-release supervision, in addition to seven years of incarceration.  See *Safran IV*, ECF No. 3, at 69 (". . . you are hereby sentenced to the following: Seven years of incarceration with five years of post-release supervision.")

was in receipt of his "Petition for a Writ of Habeas Corpus" and advised him to refile with the appropriate fees or fee waiver affidavit, and suggested he consider seeking legal advice. *Id.* at 2. It appears that Petitioner did not respond to or refile with the St. Lawrence County Clerk's Office, and he did not attempt to appeal the decision.

After being sentenced for a violation of his post-release supervision, Petitioner was discharged again on March 12, 2025. *Safran IV*, ECF No. 18 at 8. Petitioner is not currently incarcerated, although for purposes of the instant habeas petition, his status is considered "custodial."[6] His maximum post-release supervision expiration date is listed as March 28, 2029.[7]

## LEGAL STANDARD AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to have exhausted his state court remedies prior to filing his petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve

---

[6] Petitioner's status on post-release supervision is considered "in custody" under 28 U.S.C. 2254(a). *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'" (citing *Jones v. Cunningham,* 371 U.S. 236, 240–43 (1963) (holding that parole satisfies the "in custody" requirement of habeas petitions))); *see also Peck v. United States*, 73 F.3d 1220, 1224 n.5 (2d Cir. 1995) (holding that supervised release satisfies the "in custody" requirement of habeas petitions); *Animashaun v. New York*, No. 21-CV-2597 (KAM), 2024 WL 4266003, at *16 (E.D.N.Y. Sept. 23, 2024) (holding that petitioner satisfies "in custody" requirement for habeas petition because he remains under term of post-release supervision).

[7] *See* New York State Department of Corrections and Community Supervision, Incarcerated Lookup, *https://nysdoccslookup.doccs.ny.gov/* (last accessed September 22, 2025) (displaying search results for David Safran, DIN: 21A1013).

federal constitutional claims before those claims are presented to the federal courts,"
a habeas petitioner must give the state the chance to review his claims by invoking
"one complete round" of an available state judicial review procedure. *O'Sullivan v.
Boerckel*, 526 U.S. 838, 845 (1999). The petitioner may satisfy this requirement with
respect to a particular claim either by completing a full round of direct appellate
review that includes that claim, or a full round of state post-conviction review that
includes that claim. *Harvey v. Portuondo*, 98-CV-7371 (JG), 2002 WL 2003210, at *5
(E.D.N.Y. Aug. 5, 2002).

In New York state, a petitioner must avail himself of slightly different
appellate procedures for purposes of exhaustion, depending on whether he has raised
his claim on direct appeal or through an application for post-conviction review. *See
Daye v. Attorney Gen.*, 696 F.2d 186, 190 n.3 (2d Cir. 1982) ("Exhaustion of available
state remedies requires presentation of the claim to the highest state court *from
which a decision can be had*." (emphasis added)). On direct appeal, a defendant
exhausts his claims once his motion for leave to appeal a decision by the Appellate
Division has been denied by the New York Court of Appeals. *See, e.g.*, *Borthwik v.
Lavalley*, No. 10-CV-556, 2014 WL 4794413, at *5 (N.D.N.Y. Sept. 14, 2014) ("Having
failed to present this [direct appeal] claim to the New York Court of Appeals,
Petitioner has failed to exhaust it."); *Ramos v. Superintendent, Sing Sing Corr. Fac.*,
No. 11-CV-4929 (VB) (PED), 2013 WL 7046334, at *18 (S.D.N.Y. Sept. 19, 2013)
("Petitioner failed to present this claim in his letter requesting leave to appeal to the
New York Court of Appeals and thereby failed to exhaust his claim."), *report and*

*recommendation adopted in part*, 2014 WL 243148 (S.D.N.Y. Jan. 22, 2014). On post-conviction review under N.Y. C.P.L. § 440.10, however, an applicant may not appeal to the Appellate Division as of right, but instead must seek leave to appeal to that court. *See Davis v. Griffin*, No. 16-CV-550, 2019 WL 1384587, at *2 n.1 (W.D.N.Y. Mar. 27, 2019) (citing N.Y. C.P.L. § 450.15(1)). Because a denial by the Appellate Division for leave to appeal a trial court's denial of an applicant's § 440 motion "is not reviewable by the New York Court of Appeals," the claims raised in a such a motion are considered exhausted for federal habeas purposes once the Appellate Division has denied leave to appeal. *Coke v. Superintendent, Green Haven Corr. Fac.*, No. 6-CV-811F, 2009 WL 3162486, at *1 (W.D.N.Y. Sept. 29, 2009); *see also DiValentino v. Miller*, No. 21-CV-4534 (PMH) (AEK), 2022 WL 2048211, at *3 (S.D.N.Y. June 7, 2022) ("The claims in that motion were fully exhausted . . . when the Appellate Division denied Petitioner's motion to reargue the denial of his application for leave to appeal the denial of his § 440.10 motion."); *Reyes v. Phillips*, No. 2-CV-7319 (LBS), 2005 WL 475544, at *5 (S.D.N.Y. Mar. 1, 2005) ("Failure to seek leave to appeal the denial of a § 440.10 motion to the Appellate Division constitutes failure to exhaust the claims raised in that motion." (citing *Pesina v. Johnson*, 913 F.2d 53 (2d Cir. 1990))).

A. **The December 4, 2023 Petition ("*Safran III*") is unexhausted**

As to Petitioner's third habeas petition, the Court concludes that this petition still suffers from the same procedural defect as Petitioner's first and second petitions. Like his first two petitions, this third petition still appears to be challenging his 2021 Nassau County conviction. Following the Court's decisions dismissing each of the

first two petitions, the record contains no indication that Petitioner has taken the necessary steps to exhaust his available state court remedies before again seeking federal relief.  Petitioner has still not completed a full round of direct appellate review of his 2021 conviction and has also failed to complete a full round of post-conviction review.  *See Safran I*, ECF No. 54, at 6–7 (citing *Reyes*, 2005 WL 475544, at *5).

The decision and order attached by Petitioner from Justice Ellis of the New York Supreme Court (Franklin County), denying his state petition for a writ of habeas corpus, does not constitute exhaustion of his state court remedies.  *See Safran III*, ECF No. 1 at 4–5.  The petition, which Judge Ellis appeared to consider a state habeas corpus petition filed pursuant to Article 70 of the N.Y. C.P.L.R.,[8] was dismissed for a range of reasons, including procedural grounds and because the "Petition is unintelligible for large portions, conclusory in other aspects, and lacking any details which would aid the Court in assessing the merits of Petitioner's claims."  *Id.*  It is not entirely clear what Petitioner was challenging (or whether it relates to his underlying conviction or sentence that is the subject of the instant habeas petition) because the petition itself was not included with his submissions; regardless, Petitioner has not shown he attempted to appeal this decision to the Appellate Division.  *See* N.Y. C.P.L.R. § 7011 (guidelines for appealing state habeas corpus decision); *see also Bowman v. Capra,* No. 21-1822, 2023 WL 4339502, at *2 (2d Cir.

---

[8] "Under CPLR Article 70, state prisoners may petition for a writ of habeas corpus in state court to 'inquire into the cause of [his or her] detention and for deliverance.'"  *Slater v. Keyser*, No. 20-CV-3012 (KPF), 2020 WL 4016759, at *4 (S.D.N.Y. July 16, 2020) (alteration in original) (citing N.Y. C.P.L.R. § 7002(a)).

July 5, 2023) ("Petitioners' failure to perfect and pursue their direct appeal under C.P.L.R. § 7011, which explicitly authorizes direct appeals from the denial of a state habeas petition, constitutes a failure to exhaust.").[9]

**B.** **The November 27, 2024 Petition ("*Safran IV*") is unexhausted**

The analysis is slightly more complicated for Petitioner's fourth habeas petition. This is because it is unclear from the petition whether he is again challenging this 2021 criminal conviction and sentence, or whether he is also (or alternatively) challenging the 2024 revocation of his post-release supervision.

To the extent Petitioner's fourth habeas petition again challenges the constitutionality of his 2021 Nassau County conviction and sentence, it is barred by his failure to exhaust his state court remedies — just like his first three petitions. Out of an abundance of caution, the Court now separately analyzes whether, if the petition is construed to include a challenge to the revocation of his post-release supervision, it is properly before this Court.

---

[9] "New York state habeas petitioners may appeal an adverse judgment as of right." *Pollack v. Patterson*, No. 10-CV-6297 (JGK) (JLC), 2012 WL 2369493, at *2 (S.D.N.Y. June 22, 2012) (citing N.Y. C.P.L.R. § 7011); *See* N.Y. C.P.L.R. § 7011 ("An appeal may be taken from a judgment refusing to grant a writ of habeas corpus or refusing an order to show cause issued under subdivision (a) of [N.Y. C.P.L.R.] section 7003, or from a judgment made upon the return of such a writ or order to show cause.").

i.  <u>Post-Release Supervision Generally</u>

In New York, a determinate prison sentence, like the one Petitioner received in 2021, must also be followed by a separate period of post-release supervision.[10] Under New York's sentencing statutes, post-release supervision is similar but not identical to parole.[11] Notably, "[u]nlike parole, which is discretionary release before the expiration of a prison term, post-release supervision, like supervised release in the federal system, commences when a defendant's prison term expires." *Newman v. Annucci*, No. 17-CV-918, 2018 WL 4554494, at \*3, n. 2 (N.D.N.Y. Sept. 21, 2018) (citing N.Y. Penal Law § 70.45).

Despite their distinctions, "the revocation of parole and post-release supervision are governed by the same procedures and standards in New York State."[12] *Kearney v. Kozloski*, No. 14-CV-1446, 2016 WL 4690400, at \*4 (N.D.N.Y.

---

[10] "When a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to this article." N.Y. Penal Law § 70.45(1).

[11] "In 1998, the New York Legislature passed a sentencing reform act (or the 'Act') — commonly known as 'Jenna's Law' — which, *inter alia*, established 'a scheme of determinate sentencing' for violent felony offenders, eliminated parole for all such offenders, and required that determinate terms of imprisonment be followed by periods of mandatory postrelease supervision." *Vincent v. Yelich*, 718 F.3d 157, 161 (2d Cir. 2013) (quoting *People v. Catu*, 825 N.E.2d 1081, 1082 (N.Y. 2005)).
The conditions for individuals on post-release supervision are administered the same way as those on parole. New York Penal Law 70.45(3) ("The board of parole shall establish and impose conditions of post-release supervision in the same manner and to the same extent as it may establish and impose conditions in accordance with the executive law upon persons who are granted parole or conditional release.").

[12] *See* N.Y. Penal Law § 70.45(4): "Revocation of post-release supervision. An alleged violation of any condition of post-release supervision shall be initiated, heard and determined in accordance with the provisions of subdivisions three and four of

Sept. 7, 2016) (first citing N.Y. Exec. Law § 259-i(3); and then citing 9 N.Y.C.R.R. subtit. CC., pts. 8004–05). The appeals process for both is also governed by the same statute. *See* N.Y. Exec. Law § 259-i(4).

ii.  Post-Release Supervision Claim is Unexhausted

The Second Circuit has found that petitions seeking federal habeas review of parole revocation procedures must be brought pursuant to 28 U.S.C. § 2254, and must comply with AEDPA's requirements. *See Cook v. N.Y.S. Div. of Parole,* 321 F.3d 274, 278–79 (2d Cir. 2003) (finding that "[a] state prisoner . . . according to the terms of section 2254 must[ ] bring a challenge to the execution of his or her sentence — in this case with respect to revocation of [his] parole — under section 2254" and was required to comply with AEDPA's one-year filing deadline).

Courts in this district, applying *Cook,* have required petitioners challenging parole revocation proceedings to satisfy AEDPA's exhaustion requirements before seeking federal habeas relief. *See Clark v. New York*, No. 22-CV-6635 (KMK) (AEK), 2024 WL 4108613, at *7 (S.D.N.Y. Aug. 5, 2024) ("AEDPA governs habeas corpus petitions brought by state prisoners to challenge the execution of their sentences, including the revocation of parole." (citing *Cook*, 321 F.3d at 278)), *report and recommendation adopted*, 2024 WL 4003152 (S.D.N.Y. Aug. 30, 2024); *see also Peoples v. Chairman*, No. 23-CV-4854 (BMC), 2023 WL 6389770, at *1 (E.D.N.Y. Oct. 2, 2023) ("A petition seeking habeas corpus relief for a parole revocation is just as much

_____

section two hundred fifty-nine-i of the executive law." *Id.* (McKinney); *see also generally,* N.Y. Exec. Law § 259-i(3), *Revocation of presumptive release, parole, conditional release and post-release supervision.*

subject to the exhaustion requirement as one seeking relief for a criminal conviction . . . ." (citing *Cook*, 321 F.3d at 278, 278 n.3)); *Scales v. N.Y.S. Div. of Parole*, No. 4-CV-6151 (VM), 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) ("The doctrine of exhaustion applies to habeas petitions challenging parole revocations." (citing *Cook*, 321 F.3d at 278)).

Because revocation proceedings for both parole and post-release supervision adhere to identical appeals processes, habeas petitions challenging post-release supervision revocation proceedings — like parole revocation proceedings — must satisfy the exhaustion requirements of AEDPA. *See, e.g, Avent v. Meilunas*, No. 20-CV-908, 2020 WL 9938201, at *4 (N.D.N.Y. Aug. 21, 2020) ("Exhaustion of state court remedies is required even if one is challenging a revocation of parole or other supervised release."), *report and recommendation adopted*, 2021 WL 1996954 (N.D.N.Y. May 19, 2021).

To exhaust claims challenging post-release supervision proceedings and revocations, petitioners must "first, within thirty days of receipt of the written decision, file a notice of appeal with DOCCS's Division of Parole's Appeals Unit, and pursue an administrative appeal in the Appeals Unit." *See Rodriguez v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 17-CV-5044 (CM), 2017 WL 11522883, at *3 (S.D.N.Y. Oct. 18, 2017) (first citing N.Y. Exec. Law § 259-i(4)(a); then citing N.Y. Comp. Codes R. & Regs. tit. 9, §§ 8006.1(b), 8006.4; and then citing *Carter v. New York*, 739 N.E.2d 730, 732 (N.Y. 2000)); *see also Medina v. Berbary*, No. 7-CV-1038, 2008 WL 312762, at *2 (N.D.N.Y. Feb. 1, 2008) ("Since petitioner is challenging

revocation of his supervised release pursuant to N.Y. Exec. Law § 259-i, the proper means to challenge such decision requires that the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit." (internal quotation marks omitted)).  If the administrative appeal is denied, a person may seek judicial review under Article 78 of the New York Civil Practice Law and Rules.  *See Rodriguez*, 2017 WL 11522883, at *3 (first citing *Carter*, 739 N.E.2d at 732; then citing N.Y. C.P.L.R. §§ 7801–7804; and then citing *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001)); *see also Medina*, 2008 WL 312762, at *2 (citing *Scales,* 396 F.Supp.2d at 428). If the Article 78 proceeding is unsuccessful, they may then seek leave to appeal in the Appellate Division of the New York Supreme Court.  *See Rodriguez*, 2017 WL 11522883, at *3 (citing N.Y. C.P.L.R. § 5701(b)(1), (c)).  If still unsuccessful, they may then seek leave to appeal to the New York Court of Appeals, New York State's highest court.  *Id.* (citing N.Y. C.P.L.R. § 5602).

Here, the portions of Petitioner's claims challenging his post-release supervision revocation hearing are unexhausted because there is no indication that he has filed an administrative appeal with the Division of Parole's Appeals Unit within thirty days of the decision; and if he did, if that appeal was denied, there is nothing in the record indicating that he sought judicial relief under Article 78. Further, if a New York court denied him relief under Article 78, Petitioner would have to show he attempted to appeal that decision to the Appellate Division pursuant to N.Y. C.P.L.R. § 5701(c).

Additionally, or in the alternative, petitioners challenging the constitutionality of the revocation of parole or post-release supervision may also exhaust state court remedies by filing state habeas corpus petitions. *McCullough v. N.Y.S. Div. of Parole*, No. 11-CV-1112, 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) ("Alternatively, a parolee may exhaust a constitutional claim by commencing a state court habeas corpus proceeding pursuant to Article 70 of the CPLR." (citing *Hall v. N.Y.S. Div. of Parole,* No. 99-CV-11317 (RMB) (JCF), 2000 WL 33952256, at *4 (S.D.N.Y. Nov. 29, 2000))). Here, following his revocation proceedings, it appears Petitioner filed another state habeas corpus petition with the New York Supreme Court (St. Lawrence County). *See Safran IV*, ECF No. 1 at 3–5. However, Petitioner's submissions to the St. Lawrence County Supreme Court are extremely difficult to decipher, and it is unclear whether, in that filing, he challenged his 2021 Nassau County conviction or his post-release supervision hearing.

Regardless, Petitioner's filings in St. Lawrence County do not suffice to exhaust this state court remedies. That is because his petition was returned by the St. Lawrence County Clerk's Office after he failed to provide required documents. Specifically, the Clerk found that he failed to provide a "request for Judicial Intervention, and a fee waiver affidavit." *See Safran IV*, ECF No. 1, at 2.[13] Petitioner

---

[13] Additionally, Petitioner's claims that his revocation hearing attorney was ineffective and told him to accept his plea, was also improperly brought in an Article 70 state habeas petition because "it was not presented to a court in a manner under which it could have been addressed on the merits — that is, by way of an Article 78 petition. Under New York law, it is well established, as the Fourth Department held in this instance, that Article 70 does not provide relief based upon an alleged denial

18

also has not shown that he redressed the error identified by the Clerk, refiled the petition with the omitted documents included, or attempted to appeal the outcome of his St. Lawrence County petition to the Appellate Division. *See* CPLR § 7011, *supra* n. 8.

For these reasons, the claims that Petitioner raises in the present action are all unexhausted. Therefore, they cannot be reviewed by this Court in a federal habeas corpus petition.

## CONCLUSION

For the reasons outlined herein, Petitioner's third and fourth petitions for writs of habeas corpus are dismissed for failure to exhaust his state court remedies. The Court also notes that it has entered this order based on the state court record available to it. If Petitioner believes that the Court's exhaustion analysis is based on an incomplete record, he may cure his failure to exhaust the third and/or fourth petitions, by doing one of the following within 30 days of this order regarding the state court record that relates to each petition, as applicable:

(1) File a record with this Court demonstrating that Petitioner has completed a full round of state court review on direct appeal. To do this, Petitioner must file with this Court (a) an order from the Appellate Division denying Petitioner's direct appeal, and (b) an order from the New York Court of Appeals denying Petitioner's appeal of the Appellate Division decision, or denying Petitioner leave to appeal.

---

of effective assistance of counsel in the context of a parole revocation hearing." *McCullough*, 2015 WL 2340784, at *4 (citations omitted).

(2) File a record with this Court demonstrating that Petitioner has completed a full round of state post-conviction review. To do this, Petitioner must file with the Court (a) an order from a New York trial court denying Petitioner's § 440 application, and (b) an order from the Appellate Division denying Petitioner leave to appeal the trial court's order.

(3) File a record with this Court demonstrating that Petitioner has completed a full round of state court review of his post-release supervision proceedings. To do this, Petitioner must file with the Court (a) an order from the Division of Parole's Appeal Unit denying his administrative appeal, (b) an order from a New York Supreme Court denying Petitioner's Article 78 proceeding, (c) an order from the Appellate Division denying Petitioner's appeal of the Article 78 decision or denying leave to appeal, and (d) an order from the New York Court of Appeals denying Petitioner's appeal of the Appellate Division decision, or denying Petitioner leave to appeal.

(4) File a record with this Court demonstrating that Petitioner has completed a full round of state court review of his state court habeas corpus petitions. To do this, Petitioner must file with this Court (a) an order from the Appellate Division affirming the denial of Petitioner's New York Supreme Court, St. Lawrence County, state habeas petition, and (b) an order from the New York Court of Appeals denying Petitioner's appeal of the Appellate Division decision, or denying Petitioner leave to appeal.

If such documents exist, Petitioner shall file them with the Court and may, if he wishes, also submit an explanatory letter identifying the specific documents provided, not to exceed two pages.  If within 30 days of this order the Court does not receive anything from Petitioner, or it receives documents from Petitioner that are insufficient to cure the defect described in this opinion, the Court will direct the Clerk of Court to close this case.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:  September 22, 2025
       Brooklyn, New York